IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN COOPER, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| POLICE OFFICER MULDOON, | : | |
| POLICE OFFICER HANSBURY, | : | |
| POLICE OFFICERS JOHN DOE #1-2, | : | |
| CITY OF PHILADELPHIA, and | : | No. 05-4780 |
| BANK OF AMERICA CORPORATION, | : | |
| As Successor in Interest to Fleet Bank, | : | |
| Defendants. | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Schiller, J.**                                                    **April 26, 2006**

This case arises from the arrest of Plaintiff Glenn Cooper by Philadelphia police officers for allegedly attempting to pass a bad check.  Plaintiff asserts claims of, *inter alia*, excessive use of force, false arrest and imprisonment, and malicious prosecution against the arresting police officers, the City of Philadelphia, and Bank of America.  Presently before the Court is Defendant Bank of America's motion to dismiss both counts (false arrest and imprisonment & malicious prosecution) asserted against it.  For the reasons below, Defendant's motion is granted.

## I.    BACKGROUND

On September 4, 2003,[1] while Glenn Cooper tried to cash a check at a Fleet Bank branch inside a Pathmark grocery store in Philadelphia, he was approached by numerous police officers. (Compl. ¶¶ 16-18.)   The officers had received a tip from the bank manager that Plaintiff was

---

[1] The Complaint reports the date of the incident as September 4, 2005.  (Compl. ¶ 16.) However, the incident occurred on September 4, 2003.  (*See* Stipulation Regarding Date of Incident (Apr. 20, 2006).)

attempting to pass a bad check. (*Id.*)  The officers seized and handcuffed Plaintiff, and they violently threw him to the ground, causing his left leg to break. (*Id.* ¶¶ 19-21.)  Plaintiff was then arrested and charged with numerous theft and forgery-related crimes and with resisting arrest, charges that were all ultimately dismissed or terminated in Plaintiff's favor.  (*Id.* ¶¶ 21-22.)  Plaintiff seeks compensatory and punitive damages for the physical, emotional, and economic injuries stemming from his arrest and prosecution. (*Id.* ¶¶ 24-25.)

Plaintiff has asserted two counts against Bank of America, as successor in interest to Fleet Bank: (1) false arrest and imprisonment under the Fourth Amendment of the Constitution and Article I, § 8 of the Pennsylvania Constitution (Count II); and (2) malicious prosecution under the Fourth and Fourteenth Amendments of the Constitution (Count III).  (*Id.* ¶¶ 31-37.)  Bank of America filed a motion to dismiss these claims on January 17, 2006.

## II.    STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, courts must accept as true all factual allegations plead in the complaint and must draw all reasonable inferences in favor of the non-moving party.  *Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). Courts are not obligated, however, to credit the complaint's "bald assertions" or "legal conclusions." *In re: Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997) (citation omitted). A motion to dismiss will only be granted if it is clear that relief cannot be granted to the plaintiff under any set of facts that could be proven consistent with the complaint's allegations.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

2

### III.   DISCUSSION

#### A.   Cooper's Constitutional Claims Fail Because Bank of America is Not a State Actor

Federal constitutional claims generally should be brought pursuant to civil rights statutes such as 42 U.S.C. § 1983.[2]  *See Rogin v. Bensalem Twp.*, 616 F.2d 680, 685-86, 686 n.21 (3d Cir. 1980) (noting that despite disagreement among courts over whether direct cause of action for damages exists under constitutional Amendments, general practice is to assert constitutional claims under Section 1983).  In order to assert the deprivation of a federal right, the alleged conduct must be "fairly attributable to the State." *Lugar*, 457 U.S. at 937.  This requires that: (1) the deprivation must be caused by state action; and (2) the party charged with causing the deprivation must be considered a state actor.  *See id.* at 931-32, 937 (Fourteenth Amendment and Section 1983 protect solely against violations by state actors); *see also United States v. Jacobsen*, 466 U.S. 109, 114-15 (1984) (Fourth Amendment protects solely against violations by state actors).  A parallel state action requirement exists for violations of Article I, § 8 of the Pennsylvania Constitution.  *See Commonwealth v. Elmobdy*, 823 A.2d 180, 183-84 (Pa. Super. Ct. 2003).

There is no question that state action exists in this case by virtue of Cooper's arrest by the Philadelphia police acting in their official capacity.  The only issue before the Court is whether Bank of America qualifies as a state actor.  Generally, a private entity such as Bank of America is not a state actor.  Plaintiff points to an exception to this general rule, asserting that a private entity may

---

[2] Although Plaintiff fails to cite 42 U.S.C. § 1983 in asserting his federal constitutional claims in Counts II and III of the Complaint, the Court need not address this pleading deficiency. State action is required irrespective of the constitutional or statutory source of the claim, and Plaintiff has failed to allege that Bank of America qualifies as a state actor. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982).

satisfy the state actor requirement if it is "a willful participant in joint action with the State or its agents."  (Pl.'s Mem. of Law in Supp. of Resp. to Def.'s Mot. to Dismiss at 5 (*quoting Dennis v. Sparks*, 449 U.S. 24, 28 (1980)).)  Plaintiff is correct that under specific circumstances of joint action a private entity may be considered a state actor.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Dirocco v. Anderson*, 655 F. Supp. 594, 596 (E.D. Pa. 1986).  In order to establish the requisite level of joint participation and collaboration, the plaintiff must aver:

> the existence of a pre-arranged plan [between the police and a private entity] by which the police substituted the judgment of [a] private part[y] for their own official authority.  Absent allegations . . . tending to show such a plan, [a private entity cannot] be said to have engaged in the 'concerted' or 'joint action' with the police necessary to bring them within the scope of a § 1983 claim.

*Cruz v. Donnelly*, 727 F.2d 79, 80 (3d Cir. 1984); *see also Lugar*, 457 U.S. at 937 (private entity must have acted together with or obtained significant aid from state officials).

The Third Circuit has concluded that "the critical issue . . . is whether the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state." *Cruz*, 727 F.2d at 82.  Merely calling the police, furnishing information to the police, or communicating with a state official does not rise to the level of joint action necessary to transform a private entity into a state actor.  *See, e.g.*, *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1352-53 (7th Cir. 1985) (private entity who simply reported customers to police not state actor); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (private entity who reported crime to state official not state actor); *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 327 (7th Cir. 1979) (private entity who merely furnished information to police not state actor); *Caswell v. BJ's Wholesale Co.*, 5 F. Supp. 2d 312, 318-19 (E.D. Pa. 1998) (private entity who reported possible crime to police not state actor); *Dirocco v. Anderson*, 655 F. Supp. 594, 598 (E.D. Pa. 1986) (private

4

entity who merely assisted police in investigating suspected shoplifter not state actor).

Here, Plaintiff has not alleged the type of pre-arranged plan or collaborative relationship between Bank of America and the Philadelphia police that would imbue Bank of America with state power sufficient to render it a state actor.  *See, e.g.*, *Fisk v. Letterman*, 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005) ("Communications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party into a state actor.").  Plaintiff's sole allegation against Bank of America is that the manager of the bank provided the police with a tip that Plaintiff was attempting to pass a bad check.  (Compl. ¶ 18.)  This allegation is woefully insufficient to establish the necessary joint action to render Bank of America a state actor.  *See Chapman v. Acme Markets, Inc.*, Civ. A. No. 97-6642, 1998 WL 103379, at *2 (E.D. Pa. Feb. 24, 1998) (to survive motion to dismiss, plaintiff must allege facts sufficient to meet requirements of *Cruz*).  Accordingly, the federal and state constitutional claims asserted by Plaintiff in Counts II and III are dismissed.

**B.      Cooper's Common Law Claims are Legally Deficient**

Pursuant to the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the Court reads Plaintiff's Complaint as stating claims for false arrest and imprisonment and malicious prosecution under Pennsylvania common law.  *See* FED. R. CIV. P. 8(a)(2) (requiring only "short and plain statement of the claim") & 8(f) (noting that "pleadings shall be so construed as to do substantial justice"); *see also Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (pleading rules designed to give fair notice to responding party of basis for claim).  In its motion to dismiss, Bank of America addresses the insufficiency of Plaintiff's potential common law claims in Counts II & III.  (*See* Def.'s Mem. of Law in Supp. of its Mot. to Dismiss at 6-9 (moving to dismiss both counts

for failure to state a claim).)  The Court concludes that both claims are legally deficient.

### 1. Common Law False Arrest & Imprisonment Claim is Time-Barred

In a footnote, Bank of America contends that Plaintiff's false arrest and imprisonment claim is time-barred.  (*See* Def.'s Reply Mem. of Law in Supp. of its Mot. to Dismiss at 1 n.1.)  Although the issue was not briefed by the parties, given the parties' stipulation that Plaintiff was arrested on September 4, 2003, his false arrest and imprisonment claim was filed outside the applicable statute of limitations.  (*See* Stipulation Regarding Date of Incident.)  The Pennsylvania statute of limitations for false arrest or imprisonment is two years.  42 PA. CONS. STAT. ANN. § 5524(1) (2006).  This two-year limitation begins to run from the time the plaintiff suffers (or has reason to know of) the injury, *i.e.* the date of the arrest.  *Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir. 1989); *Young v. City of Phila.*, 744 F. Supp. 673, 674-75 (E.D. Pa. 1990) (*citing Morgan v. Johns-Manville Corp.*, 511 A.2d 184, 186 (Pa. Super. Ct. 1996) & *Moore v. McComsey*, 459 A.2d 841, 843 (Pa. Super. Ct. 1983)).  Plaintiff filed this action on September 6, 2005, more than two years after Plaintiff suffered his injury, the false arrest.  (*See* Def.'s Mem. of Law in Supp. of Its Mot. to Dismiss at 1.)  Thus, Plaintiff's false arrest and imprisonment claim is time-barred and must be dismissed.

### 2. Common Law False Arrest & Imprisonment Claim is Legally Deficient

As Bank of America has moved to dismiss the false arrest and imprisonment count for failure to state a claim, and because this issue was the primary focus of both parties' filings, the Court will also address the sufficiency of this claim.  Under Pennsylvania law, false arrest and imprisonment is defined as: (1) the detention or arrest of another person; (2) without adequate legal justification

or probable cause.[3]  *See Brockington*, 354 F. Supp. 2d at 572 n.10; *Gilbert v. Feld*, 788 F. Supp. 854, 862 (E.D. Pa. 1992).  Plaintiff does not allege that any employees of the bank arrested or detained him; Plaintiff merely avers that the bank manager provided the police with information that he was attempting to pass a bad check.  (Compl. ¶ 18.)

Some courts in this District have held that a private individual who knowingly provides false or incomplete information to law enforcement officials may be held liable for a false arrest or imprisonment resulting from that false information.  *See, e.g.*, *Gilbert*, 788 F. Supp. at 862; *Benn v. Universal Health Sys., Inc.*, Civ. A. No. 99-6526, 2001 WL 1251207, at *11 (E.D. Pa. July 24, 2001); *Doby v. Decrescenzo*, Civ. A. No. 94-3991, 1996 WL 510095, at *12 (E.D. Pa. Sept. 9, 1996).  These courts rely on the reasoning espoused by the Pennsylvania Commonwealth Court in *Hess v. County of Lancaster*, 514 A.2d 681 (Pa. Commw. Ct. 1986).  *See Gilbert*, 788 F. Supp. at 862; *Doby*, 1996 WL 510095, at *12-*13.  In *Hess*, the court held that a private citizen who knowingly provides false information to law enforcement officials may be held liable for malicious prosecution because a private citizen who provides false information "prevent[s] the police officer from adequately exercising independent judgment as to whether criminal charges should be instituted."  *Doby*, 1996 WL 510095, at *13 (*citing Hess*, 514 A.2d at 683).  The *Gilbert* and *Doby* courts extended this rationale to allow liability for false arrest and imprisonment claims under such circumstances.  *See Gilbert*, 788 F. Supp. at 862 (private individual who provides false information essentially "instigate[s] an arrest or imprisonment through his influence on [law enforcement

---

[3] False arrest requires an arrest made without probable cause, while false imprisonment requires an unlawful detention of another person.  *Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 572 n.10 (E.D. Pa. 2005).  However, "[f]alse arrest and false imprisonment are nearly identical claims and are generally analyzed together."  *Id.* at 571 n.8 (internal citations omitted).

officials]"); *see also Doby*, 1996 WL 510095, at *12-*13.  Indeed, the court in *Doby* expanded the

*Hess* logic even further by premising liability for false arrest or imprisonment on private individuals'

knowing provision of incomplete or misleading information to the police.  *See Doby*, 1996 WL

510095, at *13.

Other courts in this District have rejected this expansive application of *Hess* to false arrest

and imprisonment claims.  *See, e.g.*, *Thomas v. IPC Int'l Corp.*, Civ. A. No. 02-8049, 2004 WL

292477, at *4 (E.D. Pa. Feb. 12, 2004); *Simmons v. Poltrone*, Civ. A. No. 96-8659, 1997 WL

805093, at *8, *8 n.6 (E.D. Pa. Dec. 17, 1997).  According to the *Simmons* court, reliance on *Hess*

is misplaced given the substantive differences between claims of malicious prosecution and false

arrest and imprisonment. *Simmons*, 1997 WL 805093, at *8 (malicious prosecution claim lies where

"detention is malicious but under due form of law," while false arrest or imprisonment claim lies if

"the aggrieved party is arrested without legal authority").  These courts agree that "[*Hess*] should not

be read to conclude that Pennsylvania courts would recognize a false imprisonment and/or false

arrest claim caused by providing misleading information to a third party."  *Thomas*, 2004 WL

292477, at *4.  However, even the *Simmons* court acknowledged that "a private citizen may be liable

for false imprisonment or false arrest if an officer makes an arrest without a warrant solely at the

*request or instigation of [the] private citizen* . . . ."  *Simmons*, 1997 WL 805093, at *8 (internal

citations omitted) (emphasis in original).

Here, Plaintiff has not alleged that the bank manager or any other employee of the bank

knowingly provided false or misleading information regarding Plaintiff to the Philadelphia police.

Nor has Plaintiff alleged that the police arrested Plaintiff solely at the bank's request.  Thus, even

if the Court adopts the rationale of *Gilbert* and *Doby*, Plaintiff has failed as a matter of law to state

a claim against Bank of America for false arrest and imprisonment.  Accordingly, the Court grants Defendant's motion to dismiss the false arrest and imprisonment claim (Count II) against Bank of America.

3.    <em>Common Law Malicious Prosecution Claim is Legally Deficient</em>

Bank of America has also moved to dismiss the malicious prosecution count for failure to state a claim.  In order to state a claim for malicious prosecution under Pennsylvania law, the plaintiff must show that the defendant: (1) initiated or instituted the criminal proceedings; (2) without probable cause; (3) with actual malice; and (4) that the proceedings terminated in the plaintiff's favor. *Griffiths v. Cigna Corp.*, 988 F.2d 457, 463 (3d Cir. 1993) (*citing Kelley v. General Teamsters, Local Union 249*, 544 A.2d 940, 941 (Pa. 1988)).  A court's initial inquiry should be "whether the defendant either directly instituted the proceedings against the plaintiff or can be charged with the responsibility for the institution of the proceedings." *Id*. at 464.  Pennsylvania courts rely on Section 653, comment g, of the Restatement (Second) of Torts ("comment g") in assessing a defendant's responsibility for this primary element of malicious prosecution.  *See id*. ("Comment g distinguishes between situations in which a private individual files a complaint or demands a prosecution and those in which he merely provides information to the police."); *Bradley v. General Accident Ins.*, 778 A.2d 707, 710-11 (Pa. Super. Ct. 2001) (Comment g is a guide in determining private individual's responsibility for initiating proceedings by providing statements to police).

Comment g acknowledges that a private individual who reports suspected criminal conduct to a law enforcement officer causes the institution of any subsequent proceedings initiated as a result of the information provided.  RESTATEMENT (SECOND) OF TORTS § 653, comment g (1977).

9

However, comment g clarifies that: "giving the information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not." *Id*. When a private individual provides information to a law enforcement official which he or she subjectively believes to be true, the officer may still exercise his own discretion in deciding whether to initiate criminal proceedings. *Id*. In contrast, when a private individual knowingly provides false information, "an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information." *Id*. Therefore, comment g concludes that:

> [i]n order to charge a private person with responsibility for the initiation of proceedings by a public official, it must [ ] appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false.

*Id*.

Here, Plaintiff has not alleged that Defendant Bank of America filed a complaint or directed the police to prosecute Plaintiff; Plaintiff has merely alleged that the bank manager provided information to the police regarding Plaintiff's suspected criminal activity. (Compl. ¶ 18.) Similar to the situation in *Griffiths*, the only pertinent issue is whether the bank knowingly provided false information to the police. *See Griffiths*, 988 F.2d at 465. Absent allegations of intentional false statements by Bank of America employees, Bank of America is not liable for the discretionary decisions made by law enforcement officials to institute criminal proceedings against Plaintiff. *See id*. at 466 (noting general policy that duty falls on police and prosecutors, not private individuals, to determine significant facts in an investigation). Plaintiff has failed to aver that the bank manager deliberately provided false information to the police, and therefore has failed as a matter of law to

state a claim against Bank of America for malicious prosecution.  Accordingly, the Court grants Defendant's motion to dismiss the malicious prosecution claim (Count III) against Bank of America.

**IV.    CONCLUSION**

For the foregoing reasons, the Court grants Bank of America's motion to dismiss the claims against it.  An appropriate Order follows.

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLENN COOPER,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **POLICE OFFICER MULDOON,** | : | |
| **POLICE OFFICER HANSBURY,** | : | |
| **POLICE OFFICERS JOHN DOE #1-2,** | : | |
| **CITY OF PHILADELPHIA, and** | : | **No. 05-4780** |
| **BANK OF AMERICA CORPORATION,** | : | |
| **As Successor in Interest to Fleet Bank,** | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this **26**th day of **April**, **2006**, upon consideration of Defendant Bank of America's Motion to Dismiss, Plaintiff's response thereto, Defendant's reply thereon, and for the foregoing reasons, it is hereby **ORDERED** that:

1.      Defendant's motion (Document No. 12) is **GRANTED**; and

2.      The case against Bank of America is **DISMISSED** in its entirety.

BY THE COURT:

_____
**Berle M. Schiller, J.**